MEMORANDUM **
Defendants-appellants (“defendants”) pled guilty to trafficking in contraband cigarettes or conspiracy to traffick in contraband cigarettes and stipulated in their plea agreements to the amount of the State of Washington’s tax losses from their contraband cigarette sales. Defendants were sentenced to probation and ordered to pay the state restitution under the Mandatory Victims Restitution Act (“MVRA”), 18 U.S.C. § 3663A, in the amount of their respective stipulated tax losses, ranging from $179,962.50 to $4,146,885.50. Defendants appeal the restitution order. We affirm.
A restitution order within statutory bounds is reviewed for abuse of discretion. United States v. Waknine, 543 F.3d 546, 555 (9th Cir.2008). Factual findings supporting a restitution order are reviewed for clear error. Id. The legality of a restitution order is reviewed de novo. Id. The district court did not make factual findings to support the restitution order; it relied on the stipulated tax losses as the basis for restitution. Defendants do not contest the statutory basis for the restitution order; their convictions are for offenses against property mandating restitution to the State of Washington under the MVRA. Rather, defendants challenge the district court’s refusal to preclude restitution under the MVRA’s complexity exception (18 U.S.C. § 3663A(c)(3)(B)), and the district court’s reliance on the stipulated tax losses for the restitution amount. The restitution order is reviewed for an abuse of discretion.
Restitution under the MVRA is not mandatory if a determination of complex issues of fact relating to the amount of the victim’s losses would complicate or prolong the sentencing process to such a degree that the burden outweighs the need to provide restitution. Id. Defendants stipulated to the tax losses and do not proffer any basis in the record to support their argument that calculating restitution to *519 the State of Washington would complicate or prolong the sentencing process.
Defendants claim they would have more closely scrutinized the figures had they known stipulated tax losses would be the basis for restitution. But the stipulated tax loss amounts directly impacted whether defendants were subject to prison sentences under the advisory sentencing guidelines. Defendants’ counsel acknowledged during oral argument that defendants were aware of the possible effect on sentencing. The possibility of prison would have prompted close review of the loss figures. The district court did not abuse its discretion in rejecting defendants’ reliance on MVRA’s complexity exception.
Defendants argue the district court’s rejection of the stipulated tax losses as a basis for imprisonment precluded its reliance on the amounts for restitution purposes. The record reflects the district court was concerned about sentencing defendants to prison. The guideline ranges based on the stipulated tax losses would have advised significant sentences. The district court reasoned that the tax losses were not a fan- indicator of criminal culpability requiring imprisonment. At the initial sentencing hearing, the district court repeatedly stated it was not deciding restitution at that time.
In ordering restitution, the district court recognized the parties had negotiated the tax losses during a settlement conference before a magistrate judge. The district court carefully tailored the restitution monthly payments to the financial circumstances of each individual defendant. The district court did not abuse its discretion in relying on the stipulated tax losses as the basis for the restitution order.
Silas Cross died after he filed his notice of appeal from the restitution order. His son, David Cross, has been appointed the administrator of his father’s estate, and moves to substitute for Silas Cross. This motion is remanded to the district court for consideration of the substitution motion and any related issues.
AFFIRMED and REMANDED for consideration of David Cross’ substitution motion.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.